# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIME WARNER CABLE, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) No. 10-2453-KHV |
| **THEORYSHARE LLC, NICHOLAS** | ) |
| **AARON DAVID, and JOHN DOES 1-10,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER AND ORDER TO SHOW CAUSE

On August 16, 2010, Time Warner Cable, Inc. filed a complaint against Theoryshare LLC, Nicholas Aaron David and John Doe defendants. The Clerk sealed the case pending the Court's ruling on Plaintiff's Motion For Order Temporarily Filing Case Under Seal (Doc. #3). This matter is before the Court on Plaintiff's Motion For Order To Show Cause With Temporary Restraining Order, Including Asset Freeze, Accounting, And Expedited Discovery, Including Inspection And Seizure Of Defendant's Business Records And Defendants' Inventory Of Hacked Modems (Doc. #5) filed August 17, 2010.

Plaintiff may be entitled to a temporary restraining order, but it has not shown why it is entitled to such relief without notice to defendants. In particular, plaintiff has not shown that defendants or persons involved in similar conduct to defendants concealed evidence or disregarded court orders in the past. See AT&T Broadband v. Tech Communications, 381 F.3d 1309 (11th Cir. 2004); see also Vuitton v. White, 945 F.2d 569, 575 (3d Cir. 1991) (affidavit evidence that defendants likely to destroy or hide evidence if given notice of proceedings). Absent such evidence, the Court overrules plaintiff's ex parte motion.[1]

---

[1] Plaintiff argues that many courts have approved such ex parte seizures, see Doc. #6 at 36, but it relies on AT&T Broadband, supra, which notes that when a defendant's identity is

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion For Order To Show Cause With Temporary Restraining Order, Including Asset Freeze, Accounting, And Expedited Discovery, Including Inspection And Seizure Of Defendant's Business Records And Defendants' Inventory Of Hacked Modems</u> (Doc. #5) filed August 17, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED that** on or before October 1, 2010, plaintiff shall show good cause in writing why the Court should not overrule **<u>Plaintiff's Motion For Order Temporarily Filing Case Under Seal</u> (Doc. #3) filed August 16, 2010 and unseal this case**.

Dated this 22nd day of September, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

known and notice could feasibly be given, <u>ex parte</u> seizures are proper only if providing notice to defendants would "render fruitless the further prosecution of the action." 381 F.3d at 1319 (citations omitted). Here, plaintiff has not satisfied that standard.