IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIME WARNER CABLE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | No. 10-2453-KHV |
| THEORYSHARE LLC, NICHOLAS ) | |
| AARON DAVID, and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## *EX PARTE* TEMPORARY RESTRAINING ORDER

On August 16, 2010, Time Warner Cable, Inc. filed a complaint against Theoryshare LLC, Nicholas Aaron David and John Doe defendants. The Clerk sealed the case pending the Court's ruling on Plaintiff's Motion For Order Temporarily Filing Case Under Seal (Doc. #3). On September 22, 2010, the Court overruled Plaintiff's Motion For Order To Show Cause With Temporary Restraining Order, Including Asset Freeze, Accounting, And Expedited Discovery, Including Inspection And Seizure Of Defendant's Business Records And Defendants' Inventory Of Hacked Modems (Doc. #5) filed August 17, 2010 and ordered plaintiff to show cause why the Court should not overrule Plaintiff's Motion For Order Temporarily Filing Case Under Seal (Doc. #3) filed August 16, 2010. See Memorandum And Order (Doc. #11). This matter is before the Court on plaintiff's response to the show cause order, see Declaration Of Daniel J. Lefkowitz (Doc. #13) filed October 7, 2010, which the Court also construes as a renewed motion for an *ex parte* order for a temporary restraining order and other extraordinary relief. For reasons stated below, the Court sustains plaintiff's motion to temporarily seal the case and sustains in part plaintiff's motion for an *ex parte* temporary restraining order and other extraordinary relief.

Plaintiff seeks a temporary restraining order and preliminary injunction pursuant to Fed. R.

Civ. P. 65 and/or 17 U.S.C. § 1203 (b)(1); an order of expedited discovery pursuant to Fed. R. Civ. P. 30, 33, 34, 35 and 45; an order directing an accounting pursuant to 17 U.S.C. § 1203 (c)(2); a temporary restraining order directed at defendant's assets pursuant to Fed. R. Civ. P. 64 and/or 65 and 17 U.S.C. § 1203 (b)(1) and (c)(2); and an order pursuant to Fed. R. Civ. P. 34, 64, and/or 65 and 17 U.S.C. § 1203 (b)(2) authorizing the immediate entry and inspection of defendants' place of business, seizure of "hacked modems" (as explained in the Complaint (Doc. #1))[1] in their possession and seizure of defendants' business records, including computers and computer accessories such as hard drives, zip drives and disks on which records of sales pertaining to "hacked modem" devices are stored.

The Court has read and duly considered the complaint, the affidavits of Daniel J. Lefkowitz, Lo Cheung and Travis Babcock and the exhibits annexed thereto, the supplemental Declaration Of Daniel J. Lefkowitz (Doc. #13) and the motion and memorandum of law submitted by plaintiff in this matter. Having done so, it determines that plaintiff has demonstrated:

(1) that it has a likelihood of success on the merits of its claims asserted against defendants in this action,

(2) that absent the relief granted, plaintiff will suffer substantial and ongoing irreparable harm in the form of loss of goodwill resulting from defendants' hacked modem sales, if such hacked modem sales were permitted to continue;

(3) the resulting harm to plaintiff in not granting this relief is greater than any injury this relief will cause to defendants; and

(4) the relief granted would promote the public interest.

---

[1] A "hacked modem" is essentially a modem which has been modified with software to enable the modem to improperly access a protected high speed data network. A hacked modem enables use of a Media Access Control address of a legitimate modem associated with an unsuspecting, authorized high speed data subscriber.

The Court overrules plaintiff's request for an *ex parte* order to seize defendant's hacked modems and business records and to freeze the assets of defendants. The Court recognizes that this case presents a close question and one of first impression. See Declaration Of Daniel J. Lefkowitz (Doc. #13) ¶ 3. Other courts have issued *ex parte* relief which included seizures and other extraordinary relief in somewhat similar circumstances. See AT&T Broadband v. Tech. Commc'ns, Inc., 381 F.3d 1309, 1315-19 (11th Cir. 2004); see also First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 651 (6th Cir. 1993) (order of seizure without notice permitted if movant shows that adverse party has history of disposing of evidence or violating court orders or that "persons similar to the adverse party have such a history"); In re Vuitton et Fils S.A., 606 F.2d 1, 5 (2d Cir. 1979) (no notice required if notice would render fruitless further prosecution of action); Century Home Entm't, Inc. v. Laser Beat, Inc., 859 F. Supp. 636, 638-39 (E.D.N.Y. 1994) (plaintiff need not show that particular defendant would not adhere to TRO, but only that someone like defendant would likely hide or destroy evidence of infringing activity). Even so, the Court is not convinced that such drastic relief is warranted in this case. Plaintiff here has not shown that providing notice to defendants would "render fruitless the further prosecution of the action." AT&T Broadband, 381 F.3d at 1319 (quoting In re Vuitton, 606 F.2d at 5). In particular, plaintiff has not presented sufficient evidence to conclude that defendants or persons involved in the sale of hacked modems concealed evidence or disregarded court orders in the past.[2] The Court also notes that the record does not reflect whether apart from the sale of hacked modems, defendant has a legitimate business

---

[2] In contrast to AT&T Broadband and In re Vuitton, plaintiff here has not submitted an affidavit "*detailing* numerous cases where [similar] defendants . . . destroyed or transferred records, evidence, and assets." AT&T Broadband, 381 F.3d at 1319 (emphasis added); see In re Vuitton, 606 F.2d at 2 (evidence of experience in 84 similar cases and hundreds of investigations that once counterfeiter learned of action, he would "immediately transfer his inventory to another counterfeit seller, whose identity would be unknown"); Vuitton v. White, 945 F.3d 569, 575 (3d Cir. 1991) (evidence that at least four street vendor defendants were selling counterfeits in violation of earlier permanent injunction).

operation. Plaintiff asks to seize essentially anything related to hacked modems including defendants' computers which would significantly impact and most likely close defendants' entire business operation including those portions of the business, if any, which do not involve hacked modems. The *ex parte* temporary restraining order here adequately protects plaintiff from the risks that defendant will continue to sell the hacked modems, will dispose of the modems and/or will dispose of the sales records for the modems without unnecessarily interfering with any legitimate business operations. Based on the record evidence including plaintiff's purchase of multiple hacked modems from defendants, an *ex parte* order is appropriate to restrain further sales of such devices, to prevent disposal of such devices and to prevent disposal of the records of sales of such devices. See Taxsalelists.com v. Rainer, No. 09-cv-2898-REB-KMT, 2009 WL 4884273, at *4 (D. Colo. Dec. 11, 2009).

**IT IS THEREFORE ORDERED** that, pending the preliminary injunction hearing to be held as set forth below, defendants and those others named herein who receive notice of this order are bound by the following:

**IT IS FURTHER ORDERED** that defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf, are hereby enjoined and restrained from the sale, transfer, advertisement (including advertisement on the Internet or other on-line service), movement and/or offer for sale, modification, manufacture, storage and distribution of hacked modem devices and related equipment and/or the rendering of any assistance whatsoever in the sale, transfer, advertisement, movement, modification, manufacture, storage or distribution of such equipment;

**IT IS FURTHER ORDERED** that defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or

acting in concert with them, are hereby restrained and enjoined from destroying, altering, removing or secreting any of defendants' books and records, including but not limited to invoices, purchase orders, receipts, banking records, safe deposit box records, investment records, insurance policies, shipping labels, or tax returns, including all records stored on computer discs or within computer terminals, hard drives, servers or otherwise, which contain any information whatsoever concerning the hacked modem business or finances of defendants or otherwise reflect transactions of any kind involving hacked modems;

**IT IS FURTHER ORDERED** that plaintiff is granted expedited discovery from defendants, their accountants and other agent(s) or person(s) acting on their behalf, and any electronic mail or internet service providers regarding defendants' modem sales business and the location, nature and amount of defendants' assets, including discovery of business records, banking records and invoices, including all records stored on computer terminals, servers, hard drives, discs or otherwise, regarding the purchase, sale, modification, storage and distribution of and payment for hacked modems and related equipment by or from defendants or any of their agents, and/or entity acting directly or indirectly on their behalf. This expedited discovery shall include depositions, interrogatories, requests for admissions, production of documents, and service of subpoenas pursuant to Fed. R. Civ. P. 30, 33, 34, 36, and 45;

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65, this order shall have no force or effect until such time that plaintiff posts satisfactory bond with the Clerk of the Court in the amount of $500,000.00;

**IT IS FURTHER ORDERED that a hearing is set for October 29, 2010 at 9:00 a.m. in Courtroom 236 of the United States District Courthouse, District of Kansas, Kansas City, Kansas before Magistrate Judge James P. O'Hara, to determine whether plaintiff's motion**

-6-

for a preliminary injunction should be sustained; Judge O'Hara will issue a report and recommendation whether plaintiff's motion for a preliminary injunction should be sustained and set forth deadlines for the parties to object to his report and recommendation;

**IT IS FURTHER ORDERED** that plaintiff shall serve defendants with a copy of this order and the papers submitted in support thereof including the Complaint (Doc. #1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Order Temporarily Filing Case Under Seal (Doc. #3) filed August 16, 2010 be and hereby is **SUSTAINED**. After plaintiff has properly served defendants with a copy of this order, it shall notify the Clerk of the Court. The Clerk is hereby directed to unseal the case after plaintiff has indicated that it has served defendants with a copy of this order.

**IT IS FURTHER ORDERED** that plaintiff's response to the show cause order (Doc. #13), which the Court construes as a renewed motion for an *ex parte* temporary restraining order, including asset freeze, accounting and expedited discovery, including inspection and seizure of defendants' business records and defendants' inventory of hacked modems, be and hereby is **SUSTAINED in part**. The Court sustains plaintiff's motion for an *ex parte* temporary restraining order and expedited discovery. Plaintiff's motion is otherwise overruled.

Dated at 12:45 p.m. this 22nd day of October, 2010 at Kansas City, Kansas.

*/s/ Kathryn H. Vratil*
KATHRYN H. VRATIL
United States District Judge