IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| TIME WARNER CABLE, INC., ) | |
|     Plaintiff ) | |
| ) | Case no. 10-2453-KHV-JPO |
| vs. ) | |
| ) | |
| THEORYSHARE, LLC, NICHOLAS AARON ) | |
| DAVID and JOHN DOES 1-10 ) | |
|     Defendants. ) | |

### SEPARATE ANSWER OF DEFENDANT THEORYSHARE, LLC

**COMES NOW**, Defendant Theoryshare, LLC, by counsel Jeremiah Johnson and for its answer to Plaintiff's Complaint states and alleges as follows:

1. Any and all allegations not specifically admitted herein are denied.

2. Paragraphs 1 and 2 are denied.

3. With regard to paragraph 3, this Defendant admits that Theoryshare, LLC is registered in the State of Kansas with its principal place of business in Kansas. All other allegations are denied.

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 4, and for this reason alone they are denied.

5. Paragraphs 5 and 6 are admitted.

6. Paragraph 7 is denied.

7. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and for this reason alone they are denied.

8. Paragraph 18 is denied.

9. With regard to paragraph 19, this Defendant admits that the website theoryshare.com included language that described Theoryshare as "The Broadband Experts."  The Defendant also admits that some of the products sold on the website included features such as "MAC Clone" and "Serial Clone."  All other allegations and mischaracterizations are denied.

10. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 20.

11. With regard to paragraph 21, this Defendant admits that the website did have links to various downloads.  All other allegations are denied.

12. With regard to paragraph 22, this Defendant admits that the website did have links to various tutorials.  All other allegations are denied.

13. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 23 and 24, and for this reason alone they are denied.

14. Paragraph 25 is denied.

15. With regard to paragraph 26, this Defendant admits two modems were purchased through theoryshare.com, a confirmation of the order was sent on February 1, 2010, and the modems were shipped on February 5, 2010.  All other allegations, including the mischaracterization of the modems, are denied due to Defendant's insufficient knowledge of the facts and Plaintiff's mischaracterizations.

16. With regard to paragraph 27, this Defendant admits that five modems were ordered on April 26, 2010 through theoryshare.com, and this order was confirmed on the same date.   All other allegations, including the

mischaracterization of the modems, are denied due to Defendant's insufficient knowledge of the facts and Plaintiff's mischaracterizations.

17. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 28 and 29, and for this reason alone they are denied.

18. With regard to paragraph 30, this Defendant admits that two modems were ordered on August 3, 2010 through theoryshare.com, and this order was confirmed by Theoryshare. All other allegations, including the mischaracterization of the modems, are denied due to Defendant's insufficient knowledge of the facts and Plaintiff's mischaracterizations.

19. With regard to Paragraph 31, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-30, as if fully set forth herein.

20. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 32 and 33, and for this reason alone they are denied.

21. Paragraphs 34, 35, 36, 37, 38 and 39 are denied.

22. With regard to Paragraph 40, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-39, as if fully set forth herein.

23. Paragraph 41 is denied.

24. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 42, 43, 44 and 45, and for this reason alone they are denied.

25. Paragraphs 46, 47 and 48 are denied.

26. With regard to Paragraph 49, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-48, as if fully set forth herein.

27. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 50, and for this reason alone they are denied.

28. Paragraphs 51 and 52 are denied.

29. With regard to Paragraph 53, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-52, as if fully set forth herein.

30. Paragraphs 54, 55, 56, and 57 are denied.

31. With regard to Paragraph 58, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-57, as if fully set forth herein.

32. Paragraphs 59 and 60 are denied.

33. With regard to Paragraph 61, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-60, as if fully set forth herein.

34. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 62, and for this reason alone they are denied.

35. Paragraphs 63 and 64 are denied.

36. With regard to Paragraph 65, this Defendant incorporates by reference their admissions and denials to Paragraphs 1-64, as if fully set forth herein.

37. Paragraph 66 is denied.

38. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 67 and 68, and for this reason alone they are denied.

39. Paragraph 69 is denied.

40. Further answering, this Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against this Defendant and fails to state a claim upon which relief may be granted.

41. Further answering, this Defendant alleges that Plaintiff is not entitled to recover to the extent any alleged damages were caused by the misuse or abuse of the products allegedly sold by Defendants.

42. Further answering, this Defendant alleges that Plaintiff's claims may be barred because adequate notice under 35 U.S.C. §287 of the alleged patent infringement was never provided to this Defendant.

43. Further answering, this Defendant alleges that Plaintiff's claims may be barred because the Plaintiff's alleged patents are invalid, unenforceable, and void for failure to meet the requirements of 35 U.S.C. §101, §102, §103, and §112.

44. Further answering, this Defendant alleges that Plaintiff's claims may be barred because the damages alleged resulted from the misuse of the equipment at issue by some person not reasonably expected by Defendant at the time the products at issue were sold or otherwise conveyed to another party.

45. Further answering, this Defendant alleges that the damages complained of may have been the result of the intervening actions of others and were not the proximately caused by the actions or omissions of Defendant.

46. Further answering, this Defendant alleges that Plaintiffs' claims may be barred because the damages complained of were caused by a modification or alteration of the product at issue made by a person after the delivery to the initial user or consumer which modification or alteration was the proximate cause of the damages complained of by Plaintiff and such modification or alteration was not reasonably expectable by Defendant.

47. Further answering, the Defendant alleges that under fair use as enumerated in 17 U.S.C. § 107, the Plaintiff's claims are barred.

48. Further answering, the Defendant alleges that the injuries or damages which Plaintiff's complain were caused in whole or in part by nonparties whom Plaintiff has failed to join in this action.

49. Further answering, the Defendant alleges that Plaintiff has waived any and all claims which it seeks to assert in this action and are estopped both to assert and to recover upon such claims.

50. Further answering, the Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

51. Further answering, the Defendant incorporates any and all affirmative defenses alleged by any other party that may be joined or served in this action to the extent that they are not inconsistent with their denials to any allegation made in the Answer to Plaintiffs Compliant or any of Defendant's other affirmative defenses.

52. Further answering, these Defendants reserve the right to assert any additional defenses revealed during the course of discovery.

**WHEREFORE**, having fully answered Plaintiff's Complaint, the Defendant, Theoryshare, LLC, prays that Plaintiff take nothing by their action, for Defendant's costs and attorneys' fees, and for such other further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

This Defendant demands a trial by jury on all issues and claims.

Respectfully submitted by:

/S/Jeremiah Johnson
_____
Jeremiah Johnson #22726
104 E. Poplar
Olathe, KS 66061
Office - (913)764-5010
Fax – (913)764-5012
Cell – (913)406-0732
Jeremiah@kcatty.com
www.KCatty.com
