(Rev. 3/3/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIME WARNER CABLE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-2453-KHV |
| | ) |
| THEORYSHARE LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

On November 23, 2010, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a motion hearing and scheduling conference with the parties.[1] The plaintiff, Time Warner Cable, Inc., appeared through counsel, Bernard J. Rhodes, Rachel E. Stephens,[2] and Daniel J. Lefkowitz (pro hac vice). Defendant Nicholas Aaron David appeared in person and through counsel, Jeremiah L. Johnson; Mr. Johnson also appeared as counsel for Mr. David's company, defendant Theoryshare LLC.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

[2] Ms. Stephens is an associate in Mr. Rhodes's law firm (Lathrop & Gage). Ms. Stephens is not formally of record in this case. If she intends to participate further in this litigation, she shall file an entry of appearance.

O:\SchedulingOrders\10-2453-KHV-SO.wpd

The court first addressed the "emergency" motion filed by plaintiff on November 15, 2010, seeking a protective order and a referral to the U.S. Attorney's Office regarding alleged witness tampering by defendant **(doc. 28)**.  For the reasons stated on the record, the above-referenced motion is denied.  However, it is noted here that the parties have stipulated that *none* of them shall attempt to harass or intimidate *any* witness.

After consultation with the parties, the court enters this accelerated scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Settlement conference with Judge Waxse | within 45 days of scheduling conference |
| Initial disclosures exchanged | November 30, 2010 |
| Additional written discovery requests by defendant | November 30, 2010 |
| Plaintiff's responses to defendant's written discovery requests | December 7, 2010 |
| ESI protocol | December 3, 2010 |
| Deposition of Harrison Brent | December 3, 2010 |
| All discovery completed | February 4, 2011 |
| Experts disclosed by plaintiff | December 22, 2010 |
| Experts disclosed by defendant | January 18, 2011 |
| Rebuttal experts disclosed | January 25, 2011 |
| Supplementation of disclosures | 40 days before the close of discovery |
| Jointly proposed protective order submitted to court | December 3, 2010 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | December 10, 2010 |
| Motions to dismiss for failure to state a claim | December 3, 2010 |
| Briefs in opposition to motions to dismiss | December 10, 2010 |
| Reply briefs in support of motions to dismiss | December 14, 2010 |
| Motions to join additional parties or otherwise amend the pleadings | December 10, 2010 |
| Briefs in opposition to motions to amend | December 17, 2010 |
| Reply briefs in support of motions to amend | December 21, 2010 |
| All other potentially dispositive motions (e.g., summary judgment), and motions challenging admissibility of expert testimony | March 4, 2011 |
| Briefs in opposition to potentially dispositive motions and motions challenging admissibility of expert testimony | March 18, 2011 |
| Reply briefs in support of dispositive motions and motions challenging admissibility of expert testimony | March 23, 2011 |
| Final pretrial conference | February 14, 2011, at 9:00 a.m. |
| Proposed pretrial order due | February 7, 2011 |
| Trial | June 6, 2011, at 9:30 a.m. |

**1.     Alternative Dispute Resolution (ADR).**

The parties already have had some good faith settlement negotiations, as reflected by the stipulated preliminary injunction entered by the presiding U.S. District Judge, Kathryn H. Vratil (doc. 26). The parties and the undersigned agree that settlement may be enhanced by a settlement conference conducted by U.S. Magistrate Judge David J. Waxse. Absent further order of the court, the settlement conference shall be held within 45 days of the scheduling conference (i.e., January 7, 2011). Counsel shall promptly contact Judge Waxse's chambers to arrange a mutually convenient date and time for the settlement conference. An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the settlement conference (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.     Discovery.**

a.     The parties shall exchange by **November 30, 2010** the information required by Fed. R. Civ. P. 26(a)(1). By the same deadline, in order to facilitate settlement negotiations and to avoid unnecessary expense, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged. The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another

party.  In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

  b. All further "written" discovery requests by defendant pursuant to Fed. R. Civ. P. 33, 34, and 36 shall be served by **November 30, 2010**.  Plaintiff shall serve its responses (including any objections) to said discovery requests, and also its responses to the written discovery requests that were served by defendant shortly before the scheduling conference, by **December 7, 2010**.

  c. Consistent with the requirements of Fed. R. Civ. P. 26(f), the parties and counsel shall confer in good faith concerning how electronically stored information (ESI) in this case will be handled.  They shall jointly file an ESI protocol by **December 3, 2010**.

  d. To be able to evaluate this case productively for settlement purposes, plaintiff has indicated it will need to depose Harrison Brent, who is employed by defendant.  Absent a showing of truly extraordinary circumstances, this deposition shall be taken by **December 3, 2010**.

  e. All discovery shall be commenced or served in time to be completed by **February 4, 2011**

  f. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.

g.  There shall be no more than 5 depositions by plaintiff and 5 by defendant.[3]

h.  Each deposition shall be limited to 4 hours, except for the deposition of plaintiff's corporate representative which shall be limited to 8 hours.  All depositions shall be governed by the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

i.  Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **December 22, 2010**, and by defendant by **Janaury 18, 2011**.  Disclosures and reports by any rebuttal experts shall be served by **January 25, 2011**.  The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any

---

[3] If defendant elects to take a Fed. R. Civ. P. 30(b)(6) deposition of plaintiff, that shall count as a single deposition even if plaintiff designates more than one individual as its corporate representative.

motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

      j.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

k.  At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

l.  Discovery in this case may be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **December 3, 2010**.  Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf)*.

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **December 10, 2010**.

m.  To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing

or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(b).

**3.     Motions.**

a.     The only Fed. R. Civ. P. 12(b)(6) defense preserved in defendants' answers (docs. 32 and 33) is failure to state a claim upon which relief can be granted.  Any motions to dismiss on this basis shall be filed **December 3, 2010**.  Briefs in opposition to such motions shall be filed by **December 10, 2010**, and any reply briefs shall be filed by **December 14, 2010**.

b.     Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **December 10, 2010**.  Briefs in opposition to such motions shall be filed by **December 17, 2010**, and any reply briefs shall be filed by **December 21, 2010**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **March 4, 2011**.  Briefs in opposition to such motions shall be filed by **March 18, 2011**, and any reply briefs shall be filed by **March 23, 2011**.

d.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **March 4, 2011**.  Briefs in opposition to such motions shall be filed by **March 18, 2011**, and any reply briefs shall be filed by **March 23, 2011**.

e.  Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4. Other Matters.**

a.  Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **February 14, 2011, at 9:00 a.m.**, in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas, or by telephone if the judge determines the proposed pretrial order is in the appropriate format and there are no other problems requiring counsel to appear in person.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **February 7, 2011**, plaintiff shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's Internet website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

b.  The parties expect the trial of this case to take approximately 4-5 days.  This case is set for trial on the court's docket beginning on **June 6, 2011, at 9:30 a.m.**  Unless

otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

      c.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated November 23, 2010, at Kansas City, Kansas.

                                      s/ James P. O'Hara
                                      James P. O'Hara
                                      U.S. Magistrate Judge