## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRIC OF KANSAS

| | | |
|---|---|---|
| **TIME WARNER CABLE INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-2453-KHV-JPO** |
| | ) | |
| **THEORYSHARE LLC, NICOLAS AARON** | ) | |
| **DAVID and JOHN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### STIPULATED CONSENT JUDGMENT AND ORDER

WHEREAS, on August 16, 2010, Time Warner Cable Inc. filed a Complaint (Doc #1) against Theoryshare LLC, Nicholas Aaron David and John Doe defendants alleging violations of the Digital Millennium Copyright Act (17 U.S.C. §1201), the Computer Fraud and Abuse Act (18 U.S.C. §1030), Kansas Trade Secrets Act (K.S.A. 60-3320) and pendant common law claims, and

WHEREAS, the Complaint specifically alleged that Nicholas Aaron David committed acts related to, and independent of, Theoryshare LLC's business and also alleged that Nicholas Aaron David posted information on the internet that allowed persons to potentially obtain unauthorized high speed data service, and

WHEREAS, Nicholas Aaron David denies and disclaims liability on all claims and issues, and further states that (a) he did not personally instruct or provide guidance on obtaining unauthorized high speed data service to anyone, and (b) any internet postings he made were not in the course and scope of his employment with Theoryshare LLC and did not earn him profits or enhance Theoryshare LLC's revenues, and

WHEREAS, also on August 16, 2010, Time Warner Cable Inc. filed a Motion for Order Show Cause with Temporary Restraining Order (Doc. #5), requesting the issuance of a Temporary Restraining Order.  On October 22, 2010, the Court sustained in part Plaintiff's motion, finding that plaintiff had satisfied its burden of showing a likelihood of success on the merits of its claim that the sale, distribution and use of a modem which has been altered to enable theft of high speed data service is a violation of the Digital Millennium Copyright Act, 17 U.S.C. §1201,  the Computer Fraud and Abuse Act, 18 U.S.C. §1030 and Kansas Trade Secrets Act K.S.A. 60-3320 et. seq., and common law causes of action, and issued a Temporary Restraining Order (Doc. #15) upon plaintiff posting a $500,000.00 bond, and

WHEREAS, on November 4, 2010, the parties appeared before Magistrate Judge James P. O'Hara and negotiated a Preliminary Injunction, which was entered on November 5, 2010 (Doc. #26), and

WHEREAS, the parties stipulate that (a) if this case were tried to a jury, it could find Nicholas Aaron David personally at fault for posting information on the Internet which could potentially be used to access unauthorized high speed data, and (b) that, in order to settle Time Warner Cable Inc.'s lawsuit against him personally, Nicholas Aaron David has been forced to essentially shut down the Theoryshare business and turn Theoryshare, LLC's assets over to Time Warner Cable, and

WHEREAS, the parties have negotiated a settlement of all claims, including those against Nicholas Aaron David personally, permanent injunction on consent, releases of all claims and Judgments for damages and have entered into this Consent Judgment and Order on the following terms:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      The relief granted in the Temporary Restraining Order on October 22, 2010 (Doc. #15) and the Preliminary Injunction dated November 5, 2010 (Doc. # 26) are hereby modified and merged into this Stipulated Consent Judgment and Order.

2.      That defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf, are hereby permanently enjoined and restrained from the sale, transfer, advertisements (including advertisement on the Internet or other online service), movement and/or offer for sale, modification, manufacture, storage and distribution of modified modem devices (*i.e.*, any modification to an original DOCSIS compliant cable modem manufacturer's software or hardware, including but not limited to any device which enables its user to change the media access control address of a cable modem) and related equipment (including but not limited to JTAG related hardware or software, such as the JTAG connector, 10 pin headers, JTAG cable, JTAG programmer, USB TTL Console Cable Kit) and/or the rendering of any assistance whatsoever in the sale, transfer, advertisement, movement, modification, manufacture, storage or distribution of modified modem devices.

3.      That defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf, are hereby permanently enjoined and restrained from posting information on the internet that would allow person to potentially obtain unauthorized high speed data service

4.      That defendants shall surrender to plaintiff's counsel all stock of modified modem devices, JTAG programming device, JTAG kits, programming cables, USB TTL Console Cables and Kits.

5.      That judgment is entered against defendant Theoryshare LLC for damages to plaintiff in the amount of $500,000.

6.      Ownership of the Theoryshare.com website, the domain name Theoryshare.com, and any and all of defendants' common law rights in the name "Theoryshare" shall be, and hereby are, transferred by the defendants to Time Warner Cable Inc., which shall redirect legitimate inquiries for refurbished unmodified modems or drop shipments of unmodified modems to broadbandexperts.com for a period of 1 year from November 5, 2010.  Defendants shall refrain from doing business under the name "Theoryshare".

7.      That judgment is entered against defendant Nicholas Aaron David in the amount of $5,000 which amount shall be paid, through counsel, concurrent with the execution of this document.

8.      That all discovery documents and data identifying sales and invoices of sales and other documents obtained by plaintiff during the pendency of this action shall remain the property of plaintiff.

9.      Any and all existing and potential claims alleged or which could have been alleged by and between TWC and defendants and each of their employees, attorneys, investigators and agents are mutually released and discontinued with prejudice, with each party bearing its own respective costs and fees of this litigation.  All parties expressly release, waive, and forever discharge all potential claims and counterclaims

CC 2330196v1

arising from this action had by and between each of them, their agents, employees, attorneys and investigators.

10.     This Court shall maintain continuing jurisdiction for the enforcement of any violation of the permanent injunction contained herein and any of the terms of this Consent Judgment.

11.     The Clerk is directed to release the $500,000 bond plaintiff deposited with the Clerk of the Court on October 29, 2010 to plaintiff's counsel.

12.     This Stipulation and Order may be filed by the Clerk of the Court without further notice.

Dated:   March 10, 2011

_s/ Kathryn H. Vratil_
U.S. District Court Judge

Stipulated and Agreed to by:
/s/ Bernard J. Rhodes
Bernard J. Rhodes          KS #15716
LATHROP & GAGE, LLP
2345 Grand Blvd., Ste. 2400
Kansas City, MO  64108
(816) 292-2000 – Telephone
(816) 292-2001 – Facsimile

and

/s/ Daniel J. Lefkowitz
Daniel J. Lefkowitz – Admitted Pro Hac Vice
DANIEL J. LEFKOWITZ, ESQ., P.C.
320 New York Avenue
Huntington, NY  11743
(631) 692-4700 – Telephone
(631) 659-3740 – Facsimile

Attorneys for Plaintiff


/s/ Jeremiah Johnson
Jeremiah Johnson, Esq.          KS #22726
Law Office of Jeremiah Johnson LLC
104 E. Poplar
Olathe, KS  66061

Attorney for Defendant